IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ARLEEN CRUZ**,

    Plaintiff,

vs.  No. 10-CV-1120 RHS

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for For A Rehearing, With Supporting Memorandum (Doc. 18).  The Court considered the pleadings and the supporting documentation, and grants in part and denies in part Plaintiff's Motion.  Specifically, the Court grants the motion to the extent that Plaintiff seeks a remand for a rehearing consistent with this memorandum opinion and order and denies the motion to the extent that Plaintiff is seeking a reversal of the Administrative Law Judge's decision.

## CASE HISTORY

Claimant Arleen Cruz asserts that she became disabled on April 1, 2007.  (Administrative Record (AR) 120).  On October 26, 2007, she filed her claim for social security disability benefits.  (AR 120).  On November 4, 2009, the Administrative Law Judge (ALJ) held a hearing and Ms. Cruz was represented by counsel.  (AR 32).  On March 12, 2010, the ALJ issued a written decision that Ms. Cruz was not disabled.  (AR 15-25).  Ms. Cruz appealed to the Social Security Administration's Appeals Council, which declined review on October 4, 2010.  (AR 1).  Ms. Cruz filed in this Court on November 23, 2010.

**ISSUES FOR REVIEW**

The ALJ is required to review Ms. Cruz's case in a sequential five-step process to determine if she is disabled. 20 C.F.R. § 404.1520. This Court then reviews the ALJ's decision-making process. At the first step of the analysis, the ALJ determined that Ms. Cruz is not engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). (AR 17). In the second step, the ALJ considered whether Ms. Cruz has a severe medical impairment. (20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920(c)). The ALJ found that Ms. Cruz has "anxiety, a panic disorder, diabetes mellitus type II, arthralgias in her back and left shoulder, and obesity." (AR 18). For these first two steps of the analysis, the ALJ made a determination in Ms. Cruz's favor and therefore the issues are not in dispute.

For step three, the ALJ concluded that Ms. Cruz does not have an impairment that meets or medically equals one of the listed impairments. (AR 18). This conclusion is adverse to Ms. Cruz, but she does not address the ALJ's step three decision in her Motion (Doc. 18), so it is not discussed here.

Prior to step four, the ALJ reviewed Ms. Cruz's residual functional capacity and determined that Ms. Cruz had the capacity to perform light exertional work and is limited to working primarily with objects and things rather than people. The ALJ also concluded that Ms. Cruz is limited to simple tasks. (AR 19). Ms. Cruz alleges that the ALJ failed to correctly evaluate the treating source opinion, that the ALJ did not have substantial evidence to support his opinion, and that the ALJ erred in evaluating Ms. Cruz' credibility. These issue are analyzed in this Order.

At the fourth step, the ALJ considered whether, in light of Ms. Cruz's residual functional capacity, Ms. Cruz can still perform her past relevant work. The ALJ determined that Ms. Cruz

could not perform any past relevant work (AR 24), which was a determination in her favor and therefore it is not disputed nor discussed here.

At step five, the ALJ determined whether Ms. Cruz could perform jobs in the national economy, given her age, education, work experience, and residual functional capacity assessment. The ALJ concluded that there were jobs Ms. Cruz could perform and therefore she was not considered disabled. (AR 24-25). Ms. Cruz' Motion does not address step five or the ALJ's application residual functional capacity assessment applied to jobs in the national economy, so step five is not analyzed in this Order.

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal. The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005). Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

Ms. Cruz alleges three points of error, and all three relate to the ALJ's residual functional capacity assessment.

1.  **THE ALJ IS REQUESTED TO STATE THE WEIGHT THE ALJ AFFORDED TO TREATING SOURCE OPINIONS**

    **Jan Karasz-Rothell, Ph.D & Karen Phillips, M.D.**

The ALJ noted, "I have considered the opinions of Dr. Karasz-Rothell . . . I find her opinions are not consistent with the overall medical evidence." (AR 23). He made a similar statement with regards to the opinion of Karen Phillips, M.D. (AR 23). The ALJ did not specify what weight he afforded the treating source opinions. The Tenth Circuit concluded that this is error.

> According to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources. In deciding how much weight to give a treating source opinion, *an ALJ must first determine whether the opinion qualifies for 'controlling weight.'* To make this determination, the ALJ: must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is 'no,' then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. [I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Langley v. Barnhart, 373, F.3d 1116, 1119 (10th Cir. 2004) (internal quotations and citations omitted, italics added).

The case law also makes clear that the ALJ's omission regarding weight requires remand.

> Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons in [the] notice of determination or decision for the weight assigned to a treating physician's opinion. . . . the notice of determination or decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. . . . In this case, the ALJ offered no explanation for the weight, if any, he gave to the opinion of . . . the treating physician. We must remand because we cannot properly review the ALJ's decision without these necessary findings.

Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations and quotations omitted).

Upon remand, the ALJ is requested to clearly state what weight he attributed to the treating sources and why.

## 2. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S DECISION WITH REGARD TO THE RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT.

The ALJ concluded that Ms. Cruz had the residual functional capacity to perform light exertional work and was limited to working primarily with objects rather than people. The ALJ also limited Ms. Cruz' work to simple tasks. (AR 19). Ms. Cruz disagrees with this conclusion and alleges several errors.

Ms. Cruz alleges that the ALJ erred in determining her residual functional capacity because he did not consider her panic attacks and anxiety. However, in the residual functional capacity section of the ALJ's written opinion, there are at least six references to the claimant's panic attacks or anxiety, which indicate that the ALJ did consider those ailments. (AR 20-22).

Ms. Cruz argues that the ALJ failed to ask the Vocational Expert a key hypothetical question at the hearing because the ALJ did not ask the Vocational Expert whether there were jobs available to someone in Ms. Cruz's situation who also had moderate impairments in concentration, persistence and pace. (Doc. 18 at 10). This argument is not persuasive because the ALJ's limitation to simple tasks addresses any impairments in concentration, persistence and pace. Nixon v. Barnhart, 49 Fed. Appx. 254, 256 (10th Cir. 2002). Additionally, at the same hearing about which the claimant complains, the claimant was present, represented by experienced counsel, and the ALJ afforded claimant's counsel the opportunity to question the Vocational Expert. (AR 67). Like the ALJ, counsel also did not ask the Vocational Expert any question that applied a moderate impairment in concentration, persistence and pace.

Ms. Cruz alleges that the ALJ did not provide a link between the evidence and the residual functional capacity assessment. (Doc. 18 at 8). The ALJ's opinion indicates otherwise. The ALJ discussed evidence such as medical records from Valencia Counseling Services, First

Choice Community Healthcare, Louis Wynne, Ph.D., Jan Karasz-Rothell, Ph.D., Karen Phillips, M.D., and Daniel J. Dietrichs, O.D. (AR 20-22).  The ALJ also reviewed Disability Reports and Function Reports.  (AR 22).  These records spanned several years of the claimant's life.  While arguing that the ALJ erred with regard to the residual functional capacity assessment, Ms. Cruz has not pointed to any specific evidence that the ALJ should have considered, any illogical link between the evidence and the conclusion, or evidence that contradicts the ALJ's ultimate decision that Ms. Cruz has residual functional capacity to work.  Therefore Ms. Cruz' argument that the ALJ did not link evidence to his decision about her capacity is unpersuasive.

### 3. THE ALJ'S CREDIBILITY DETERMINATION WAS SUPPORTED BY THE EVIDENCE.

The ALJ did not credit Ms. Cruz's testimony.  He noted, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent [that] they are inconsistent with the above residual functional capacity assessment."  (AR 20).  The ALJ also noted, "the record reflects that the claimant has made inconsistent statements regarding matters relevant to the issue of disability."  (AR 23).

"Credibility is the province of the ALJ."  Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir. 1992).  An ALJ "is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion.  As a result, the ALJ's credibility findings warrant particular deference."  White v. Barnhart, 287, F.3d 903, 910 (10th Cir. 2002).  In this case, the ALJ's assessment of Ms. Cruz's credibility was supported by substantial evidence.  The ALJ reviewed various factors relating to the claimant's personal life, work life, and medical history that undermined Ms. Cruz's allegations that she was too disabled to work.  In her personal life, Ms. Cruz rode bikes with her son, performed household chores

(AR 23), and appeared not to have any problems with personal care.  With regard to her work life, after the alleged onset date of her disability, Ms. Cruz continued to work.  (AR 23).  When Ms. Cruz last left work, she did so due to funding problems with the employer rather than an inability to function in a workplace.  Even after leaving work due to funding rather than a medical condition, Ms. Cruz contemplated returning to work, which would again indicate that she was not suffering from a disabling condition.

As for Ms. Cruz's medical care, the ALJ found discrepancies between the objective medical evidence and claimant's subjective complaints.  The claimant noted that she had spasms in her back when she exercised as encouraged to do so by her doctors, but the physical exam could not corroborate this complaint.  (AR 23).  The ALJ also noted that while Ms. Cruz does have diabetes, the medical records show that her efforts to manage the medical condition were less than vigorous, which may have indicated to the ALJ that Ms. Cruz was not as deeply as affected by the medical condition as she attested.  In sum, the ALJ's credibility determination is supported by substantial evidence.

**UPON REMAND,** the ALJ is requested to state the weight the ALJ afforded to the treating source opinions, as discussed above under point one.  The Court's decision to remand is based solely on errors in the ALJ's decision making process.  The Court does not take any position with regard to whether substantial evidence supports the ALJ's overall decision that Ms. Cruz is not disabled.  The ultimate determination regarding disability is within the Social Security Administration's jurisdiction upon remand.

**WHEREFORE, IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing is granted to the extent that it seeks a remand for a rehearing and denied to the extent that it seeks a reversal of the ALJ's decision. This matter is remanded for additional proceedings consistent with this opinion. The Social Security Administration may also address any other concerns of alleged error that the Administration sees fit.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE